## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY
and MARK WALKER

<div style="margin-left:2em">Plaintiffs,</div>

v.

DEPARTMENT OF THE TREASURY

<div style="margin-left:2em">Defendant.</div>

Civil Action No. 19-9669

**COMPLAINT**

## INTRODUCTION

Plaintiffs THE NEW YORK TIMES COMPANY and MARK WALKER, by their undersigned

attorneys, allege:

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552

("FOIA"), to obtain an order for the production of agency records from the Department of the

Treasury ("Treasury" or "the agency") in response to a request properly made by Plaintiffs.

## PARTIES

2.      Plaintiff The New York Times Company publishes *The New York Times*

newspaper and www.nytimes.com. The New York Times Company is headquartered in this

judicial district at 620 Eighth Avenue, New York, New York.

3.      Plaintiff Mark Walker is a journalist and researcher for *The New York Times*

newspaper.

4.      Defendant Department of the Treasury is an agency of the federal government

that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 and 5 U.S.C. § 552(a)(4)(B).

6.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff The New York Times Company has its principal place of business here.

7.     Plaintiffs have exhausted their administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.     On June 11, 2019, Plaintiffs submitted a Freedom of Information Act request (FOIA 2019-06-091) to the Department of the Treasury, seeking email correspondence and other records for ten specific current and former Treasury officials.

9.     Specifically, the Request sought the following documents for the period between January 23, 2017, and the date of the agency's search:

1.   All emails, text messages, faxes, voice mails, and other forms of communications from, or to, the Treasury Personnel with any person(s) outside of Treasury, as well as any phone logs, notes, or other indices which memorialize communications with such persons. Please include communications from or to personal email accounts in instances where the personal email account is being used to conduct government business. This request includes all communications regardless of the system or device on which it is or was stored.

2.   All calendars, whether in electronic or paper format, of the Treasury personnel for the above listed time period. Please include all attendance lists for all events reflected on the calendar, as well as any accompanying notes or descriptions identifying the nature of the event.

3. All sign-in sheets or other records memorializing attendance at any meetings during the above-listed time period, at which Treasury Personnel and one or more person(s) outside of Treasury were in attendance.

4. All records described in categories 1-3 above that have been deleted, but remain recoverable in any way.

10. Plaintiffs specified in the Request that the relevant "Treasury Personnel" are (i) Secretary Steven Mnuchin; (ii) Shirley E. Gathers, Executive Assistant to the Secretary; (iii) Adam Lerrick, Counselor to the Under Secretary for International Affairs; (iv) Justin Muzinich, former Counselor to the Secretary and current Deputy Treasury Secretary; (v) Eli Miller, former Chief of Staff to the Secretary; (vi) Camilo Sandoval, former White House liaison; (vii) Tony Sayegh, Assistant Secretary for Public Affairs; (viii) David Malpass, former Under Secretary for International Affairs; (ix) Craig Phillips former Counselor to the Secretary; and (x) Brian Callanan, Deputy General Counsel at Treasury.

11. On June 17, 2019, Treasury rejected the Request as "too broad to be processed." The agency stated that "[i]t is unclear what specific records you seek from Department of the Treasury" and asked Plaintiffs to resubmit a request "containing a reasonable description of each records [*sic*] you seek."

12. On July 3, 2019, Plaintiffs appealed the decision, noting that the relevant standard is "whether the agency is able to determine precisely what records are being requested," *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (internal marks and alterations omitted), and noting that Plaintiffs had met this standard.

13. On July 10, 2019, Treasury acknowledged receipt of the appeal. Although more than two months have passed, Plaintiffs have yet to receive a response to their

appeal, as required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(ii).  Accordingly, Plaintiffs have

exhausted their administrative remedies.

## COUNT I

1.      Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing

paragraphs as though fully set forth herein.

2.      Defendant is subject to FOIA and must therefore release in response to a FOIA

request any disclosable records in its possession at the time of the request and provide a lawful

reason for withholding any materials as to which it is claiming an exemption.

3.      Defendant's failure to make available the records sought by Plaintiffs violates

FOIA, 5 U.S.C. § 552(a)(3)(A) and 552(a)(6)(A)(ii), and Defendant's corresponding regulations.

4.      Accordingly, Plaintiffs have exhausted their administrative remedies under FOIA.

5.      Treasury has no lawful basis for declining to release the records requested by

Plaintiffs under FOIA.

6.      Accordingly, Plaintiffs are entitled to an order compelling Treasury to produce

records responsive to their FOIA request.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.  Declare that the documents sought by the Request, as described in the foregoing

    paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2.  Order Treasury to undertake an adequate search for the requested records and provide

    those records to Plaintiffs within 20 business days of the Court's order;

3.  Order that the response to Plaintiffs be expedited under 5 U.S.C § 552(a)(6)(E);

4.  Order Defendant to immediately disclose, in their entirety, all responsive records that

    are not specifically exempt from disclosure under FOIA;

4

5.  Enjoin Defendant from charging Plaintiffs for the search, review, or duplication fees for processing the Request;

6.  Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

7.  Grant such other and further relief as the Court deems just and proper.


Dated: October 18, 2019


Respectfully submitted,

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC

By: _____ */s/ David A. Schulz* _____
David A. Schulz

Charles Crain (*pro hac vice* application
    forthcoming)
Julu Katticaran, Law Student Intern
MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5827
Fax: (203) 432-3034
schulzd@ballardspahr.com

*Counsel for Plaintiffs*