

ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

January 2, 2019

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *The New York Times Company et al. v. Department of the Treasury*, 19 Civ. 9669 (AT)

Dear Judge Torres:

    We write respectfully on behalf of all parties in the above-referenced action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursuant to the Court's Initial Pretrial Conference Order dated October 23, 2019, Dkt. No. 7, and to request a brief adjournment of the initial pretrial conference presently scheduled for January 8, 2020 (as discussed further below).[1]

**Brief Description of the Case, Including the Legal and Factual Bases for the Claims and Defenses**

    This is a FOIA action seeking certain records from the Department of the Treasury ("Treasury"). Plaintiffs seek the following documents for the period between January 23, 2017, and the date of the agency's search:

1. All emails, text messages, faxes, voice mails, and other forms of communications from, or to, the Treasury Personnel with any person(s) outside of Treasury, as well as any phone logs, notes, or other indices which memorialize communications with such persons. This includes communications from or to personal email accounts in instances where the personal email account is being used to conduct government business. The request includes all communications regardless of the system or device on which it is or was stored.

---

[1] Pursuant to the Court's Order dated October 23, 2020, Dkt. No. 8, the parties have discussed conducting further proceedings before the assigned Magistrate Judge, and do not consent to doing so at this time.



2. All calendars, whether in electronic or paper format, of the Treasury personnel for the relevant time period, including all attendance lists for all events reflected on the calendar, as well as any accompanying notes or descriptions identifying the nature of the event.

3. All sign-in sheets, or other records memorializing attendance at any meetings during the relevant time period, at which Treasury Personnel and one or more person(s) outside of Treasury were in attendance.

4. All records described in categories 1-3 above that have been deleted, but remain recoverable in any way.

Plaintiffs specified in the Request that the relevant "Treasury Personnel" are (i) Secretary Steven Mnuchin; (ii) Shirley E. Gathers, Executive Assistant to the Secretary; (iii) Adam Lerrick, Counselor to the Under Secretary for International Affairs; (iv) Justin Muzinich, former Counselor to the Secretary and current Deputy Treasury Secretary; (v) Eli Miller, former Chief of Staff to the Secretary; (vi) Camilo Sandoval, former White House liaison; (vii) Tony Sayegh, Assistant Secretary for Public Affairs; (viii) David Malpass, former Under Secretary for International Affairs; (ix) Craig Phillips former Counselor to the Secretary; and (x) Brian Callanan, Deputy General Counsel at Treasury.

Defendant's position is that the agency is not required to process the request because it is so broad as to impose an unreasonable burden on the agency; and that Defendant's actions or inactions did not violate FOIA or any other statutory or regulatory provision. Further, some or all of the requested documents and information may be exempt from disclosure pursuant to 5 U.S.C. § 552(b) and 8 U.S.C. § 1202(f), and the Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA.

**Any Contemplated Motions**

The parties are conferring in an effort to negotiate a resolution, and there are no contemplated motions at this time. If Plaintiffs challenge Defendant's searches or withholding of responsive records, the parties anticipate that the case would be resolved via summary judgment motion practice. *See Carney v. U.S. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

**The Prospect for Settlement**

The parties have conferred by email and telephone and discussed possible ways to narrow Plaintiffs' request that would be acceptable to all parties. The parties believe it would be productive to continue these discussions.

**Case Management Plan**

The parties respectfully submit that the Court's form Case Management Plan and Scheduling Order should not be used in this FOIA case, as FOIA cases are typically resolved on



motions for summary judgment without the need for discovery. *See Carney*, 19 F.3d at 812. The parties respectfully submit that it would be more efficient to discuss a proposed schedule for further proceedings after the parties have had additional time to discuss possible modifications to the initial search request. Accordingly, the parties respectfully propose that they submit a joint letter on February 7, 2020, setting forth either a jointly proposed schedule or the parties' respective positions with regard to a schedule.

In light of the above, the parties further respectfully request that the initial pretrial conference presently scheduled for January 8, 2020, at 10:40 a.m. be adjourned to a date convenient for the Court after February 7, 2018. The parties have conferred and are available on February 11-13 and February 18-21. This is the parties' first request for an adjournment.

We thank the Court for its consideration of this letter.

Respectfully submitted,

/s/ David A. Schulz
DAVID A. SCHULZ
MEDIA FREEDOM AND INFORMATION
   ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5827
Fax: (203) 432-3034
Email: david.schulz@ylsclinics.org
*Attorney for Plaintiffs*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Jennifer Jude
JENNIFER JUDE
Assistant U.S. Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663
Facsimile: (212) 637-2686
jennifer.jude@usdoj.gov
*Attorney for Defendant*

---

GRANTED. The deadline in paragraph 5 of the Court's initial pretrial conference order, ECF No. 7 (requiring a jointly proposed case management plan and standard scheduling order), is ADJOURNED *sine die*.

The initial pretrial conference scheduled for January 8, 2020 is ADJOURNED to **February 11, 2020**, at **12:20 p.m.**

By **February 7, 2020**, the parties shall submit a joint letter setting forth a jointly proposed schedule or the parties' positions regarding a schedule.

SO ORDERED.

Dated: January 2, 2020
     New York, New York

ANALISA TORRES
United States District Judge